UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARSHALL DEAN,

    Plaintiff,

v.                                                    Case No. 3:16cv2/MCR/CJK

WEST NAVARRE INTERMEDIATE
SCHOOL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon referral from the clerk. For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

### BACKGROUND AND PROCEDURAL HISTORY

At the time plaintiff initiated this action on December 28, 2015, he was confined at the Santa Rosa County Jail awaiting trial on a charge of aggravated child abuse with permanent disfigurement. (Doc. 1, pp. 2, 5). Plaintiff's complaint names three defendants: West Navarre Intermediate School (WNIS); David Crissy, the principal of WNIS; and Jan Speed, a guidance counselor at WNIS. Plaintiff claims

his Fourth, Fifth and Fourteenth Amendment rights were violated when sheriff's deputies questioned him at the school about a child abuse report made by defendants, and, at the conclusion of questioning, arrested him on a charge of aggravated child abuse with permanent disfigurement. (Doc. 1, pp. 5-6). Plaintiff also attempts to assert a Fourth Amendment claim on behalf of his minor child, S.D., arising from defendants' refusal to release S.D. to plaintiff's custody and their detention of S.D. in a room at the school pending investigation of their abuse report. As relief, plaintiff seeks ten million dollars in punitive damages. (*Id*.). Plaintiff alleges the following facts to support his claims.

On February 26, 2015, plaintiff's 10-year-old son, S.D., did not return home from school. Plaintiff went to WNIS and informed staff he was there to pick up his son. Staff refused to release S.D. to plaintiff and instead kept S.D. behind a locked door. Plaintiff learned that Principal Crissy and Counselor Speed had initiated a child abuse report to law enforcement concerning S.D., and that they had taken pictures of S.D. unclothed, noting bruises on his buttocks. Plaintiff exited the building and stood outside the school. Two sheriff's deputies arrived with a social worker from the Florida Department of Children and Families. (Doc. 5, p. 2). Plaintiff states he was "confronted" by the deputies and escorted to a conference room inside the school,

where he was questioned by the deputies and social worker. (Doc. 1, p. 5). Plaintiff contends this amounted to a seizure, because the deputies were standing "side by side in the doorway", and plaintiff did not feel free to leave. (Doc. 5, pp. 1-2). Plaintiff complains he was "question[ed] as if I was an abuseive [sic] father", without *Miranda*[1] warnings, and that it was his position that the bruising resulted from "a fall from a trampoline and a spanking on his [S.D.'s] bottom." (Doc. 5, p. 2). After the questioning, plaintiff was arrested and charged with aggravated child abuse with permanent disfigurement. (Doc. 1, p. 5). The following day, S.D. was taken to Sacred Heart Hospital and examined by a doctor. (Doc. 5, p. 2). According to plaintiff, the doctor's report "gave my son a clean bill of health noteing [sic] only bruising on his buttocks and upper back torso from a trampoline fall. The Doctor's diagnosis was alleged abuse." (Doc. 5, p. 2).

The court takes judicial notice of public records on the Santa Rosa County Clerk of Court's website, which reflect that on the same day plaintiff filed this lawsuit, he resolved the pending aggravated child abuse charge by pleading no contest to aggravated abuse and neglect of a child without great bodily harm in Santa Rosa County Circuit Court Case Number 2015-CF-000266. *See*

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

www.santarosaclerk.com, *State of Florida v. Marshall Shawn Dean*, Case Number 2015-CF-000266.[2] Plaintiff was adjudicated guilty and sentenced to one year, one month and four days in prison with credit for ten months and six days time served. (*Id*.). On January 21, 2016, plaintiff filed with this court a notice of change of address indicating that he is now serving that term of imprisonment at the Northwest Florida Reception Center. (Doc. 6).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying this standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*,

---

[2]The court may take judicial notice of these facts, as they are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy could not reasonably be questioned." Fed. R. Evid. 201(b).

*Case No: 3:16cv2/MCR/CJK*

29 F.3d 1480, 1483 (11th Cir. 1994). *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative

level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

Taking those well-pleaded allegations of plaintiff's pleadings as true and considering them together with the judicially noticed facts, plaintiff's complaint fails to state a plausible § 1983 claim against any of the defendants. A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

    1. the conduct complained of was committed by a person acting under color of state law; and

    2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff asserts claims under the Fourth, Fifth and Fourteenth Amendments, arguing that he was illegally seized and detained at the school, questioned without being advised of his *Miranda* rights, and falsely arrested. (Doc. 1, p. 6; Doc. 5). Plaintiff's Fourth Amendment claim of illegal seizure and arrest does not state a plausible basis for recovery under § 1983, because it is barred by *Heck v. Humphrey*

512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that, before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been invalidated. 512 U.S. at 486-87. If the plaintiff fails to demonstrate that the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Plaintiff's Fourth Amendment claim derives from his theory that he was illegally seized and falsely arrested for the incident of child abuse for which he is now convicted and incarcerated. Plaintiff's claim, if decided in his favor, would necessarily imply the invalidity of his conviction and sentence for aggravated child abuse. As plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated, or impugned, his Fourth Amendment claim is barred by *Heck*. *See id.*

Even if not barred by *Heck*, plaintiff's allegations, even construed liberally, fail to allege a Fourth Amendment claim that is plausible on its face. Plaintiff's pleadings do not show that the deputies lacked reasonable suspicion to conduct a brief

investigatory detention of plaintiff, or that the deputies lacked probable cause to arrest him. *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (explaining that the existence of probable cause is an absolute bar to a § 1983 claim for false arrest); *United States v. Harris*, 526 F. 3d 1334, 1337 (11th Cir. 2008) (explaining that "[t]he Constitution . . . permits police officers to conduct a brief investigatory stop, *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed.2 d 889 (1968), 'if they have a reasonable, articulable suspicion based on objective facts that' an individual is engaged in criminal activity." (*quoting United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000))); *see also, e.g., Wright v. Dodd*, 438 F. App'x 805, 806-807 (11th Cir. 2011) (holding that allegations in state prisoner's *pro se* § 1983 complaint against county police department and officer alleging false arrest failed to allege a claim that was plausible on its face, where the complaint stated in conclusory fashion that police arrested him without a warrant, but did not allege any facts showing that police lacked probable cause to arrest him).

Plaintiff's Fifth Amendment claim also fails, because his allegation that he was not read his *Miranda* rights prior to questioning does not give rise to a cognizable claim for damages under § 1983. *See Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999) (holding that "failing to follow *Miranda* procedures triggers the

prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created."); *see also, e.g., Wright*, 438 F. App'x at 807 (holding that state prisoner's allegations that he was not read his *Miranda* rights prior to his arrest did not give rise to a cognizable claim for damages under § 1983).

Remaining is plaintiff's Fourth Amendment claim on behalf of S.D. based on the defendants' alleged "seizure" and detention of S.D. at the school (their refusal to release S.D. to plaintiff's custody and their detention of him in a locked room while plaintiff was questioned). (Doc. 1, p. 6; Doc. 5, p. 1). Although a parent-guardian may sue on behalf of a minor pursuant to Federal Rule of Civil Procedure 17(c), "a parent may not sue on behalf of a child where the parent's interests are not aligned with those of the child." *Dolin on Behalf of N.D. v. West*, 22 F. Supp. 2d 1343, 1353 (M.D. Fla. 1998) (*citing Johns v. Dep't of Justice of the United States*, 624 F.2d 522 (5th Cir. 1980)). Plaintiff's interests are not aligned with S.D.'s interests with regard to the Fourth Amendment claim he attempts to pursue here. As plaintiff may not sue on behalf of S.D. for the alleged violation of S.D.'s Fourth Amendment rights, that claim must be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). As the deficiencies in plaintiff's complaint cannot be cured by amendment, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of February, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.